**Charles L. HAM, Plaintiff,**

v.

**AETNA LIFE INSURANCE COMPANY, Defendant.**

**Civ. No. 67–C–102.**

United States District Court
N. D. Oklahoma.

Oct. 10, 1968.

See also 283 F.Supp. 153.

Alvin L. Floyd, of Floyd & Kerr, Tulsa, Okl., for plaintiff.

Robert J. Woolsey, of Farmer, Woolsey, Flippo & Bailey, Tulsa, Okl., for defendant.

## ORDER

DAUGHERTY, District Judge.

Upon consideration of the Motion for Summary Judgment filed herein by the Defendant and the documents and briefs in support thereof and the Response and brief in opposition thereto filed by the Plaintiff, the Court finds that the Motion for Summary Judgment should be denied.

Plaintiff sues the Defendant herein on an insurance contract. Plaintiff asserts that he is entitled to recover from the Defendant on the insurance policy involved because on June 17, 1961, he sustained an accidental personal injury in a public conveyance (Yellow Cab Company Taxicab) which resulted in his total and permanent disability. To succeed herein, Plaintiff must establish an (1) accidental personal injury, (2) its occurrence in a public conveyance and, (3) that he has sustained total and permanent disability from the accident. No question is raised herein about the Plaintiff being an insured and the insurance being in effect on June 17, 1961.

The Defendant has interposed the defense of estoppel by judgment. The judgment relied upon was rendered in a case in the United States District Court for the Northern District of Illinois wherein the Plaintiff sued the Yellow Cab Company for damages for personal injuries sustained in Chicago, Illinois, on June 17, 1961, while Plaintiff was a passenger in a Yellow Cab. To succeed in that case it was necessary that the Plaintiff establish (1) negligence of Yellow Cab, (2) proximately causing (3) personal injuries to his body. The judgment entered on a jury verdict was in favor of Yellow Cab and has become final.

In its Motion for Summary Judgment under consideration by the Court, the

Defendant states that by showing that the same accident and the same injuries of June 17, 1961, were involved in the said Yellow Cab case in Illinois and in this case, it is entitled to summary judgment against the Plaintiff dismissing this action. In this contention, the Defendant is plainly wrong.

The rule of estoppel by judgment or collateral estoppel requires that the matter sought to be interposed as a bar must have been litigated and determined by the judgment, or if not expressly adjudicated, essential to the rendition of the judgment. 50 C.J.S. Judgments § 593b, pp. 13–14; § 763, p. 292; § 764, p. 292.

For the Yellow Cab judgment to constitute a bar herein, the same must have judicially determined that on June 17, 1961, there was either no accident, or no personal injury or that a public conveyance was not involved. The said Illinois judgment was based and entered on a general verdict for Yellow Cab "on the issue of liability."[1] From what has been presented to the Court, the Yellow Cab judgment has not expressly judicially determined that there was no accident or no personal injury to the Plaintiff but only that Yellow Cab Company was not liable to the Plaintiff. Nor was either finding (no accident or personal injury) essential to the rendition of the judgment entered. The judicial determination of non-liability could have been reached by reason of Yellow Cab not being found guilty of negligence as claimed by the Plaintiff as the jury was instructed by the Illinois Court that if the Plaintiff failed to establish negligence on the part of Yellow Cab in one or more ways claimed by the Plaintiff, that its verdict should be in favor of Yellow Cab. Such a finding would, of course, pertain to the issue of liability of Yellow Cab. The jury was also instructed regarding the familiar requirement of proximate cause

and was informed that unless Plaintiff established same, its verdict should be in favor of Yellow Cab. This again would pertain to the issue of liability of Yellow Cab.

The Yellow Cab case was a tort action requiring, as stated above, that the Plaintiff establish (1) negligence of Yellow Cab, (2) proximately causing (3) personal injury to Plaintiff. The Plaintiff apparently failed as to one or more of these essential elements of his Yellow Cab case. On the other hand, the case before this Court is on contract requiring the Plaintiff to establish, as stated above, that (1) an accident occurred, (2) its occurrence in a public conveyance and, (3) that Plaintiff sustained total and permanent disability therefrom. For the Chicago judgment to be a bar herein the same must, therefore, expressly adjudicate one of the foregoing essential elements of Plaintiff's case on contract in this Court and adjudicate the same adversely to the Plaintiff or one of said essential elements must have been adjudicated adversely to the Plaintiff in the Chicago case in order for the Yellow Cab judgment to have been rendered. This does not appear to be the case, for the Yellow Cab judgment could have been rendered on the basis that there was an accident and the Plaintiff received personal injuries therein but that Yellow Cab was not guilty of any of the acts of negligence asserted against it by the Plaintiff or, if negligent, the same was not a proximate cause. The Yellow Cab judgment does not expressly adjudicate that there was no accident on June 17, 1961, involving the Plaintiff or that the Plaintiff on said date received no injuries in an accident and neither of such adjudications were essential before the jury could have found in favor of Yellow Cab "on the issue of liability."

The Defendant's Motion for Summary Judgment must be and the same is here-

---

1. The verdict read: "We, the jury, find for the defendant (Yellow Cab Company) on the issue of liability." The judgment read in part: " * * * judgment be and hereby is entered * * * against plaintiff, Charles L. Ham, on the issue of liability * * * "

by denied and overruled and the Court will observe, at this time, that unless the Defendant can show more than it has thus far shown with reference to the Illinois judgment it is in serious doubt that the defense of estoppel by judgment will be available to it in this case.